**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 27 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JING HU; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3611 <br><br> Agency Nos. <br> A246-617-248 <br> A246-617-205 <br> A246-617-249 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2025[**]

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Jing Hu, Wenjing Sun, and their minor child, natives and citizens of China,

petition pro se for review of the Board of Immigration Appeals' order dismissing

their appeal from an immigration judge's decision denying their applications for

asylum, and denying Sun's applications for withholding of removal and protection

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Sun's testimony and declaration regarding her account of being taken to the hospital for a forced abortion, and the omissions from Sun's declaration as to her expulsion from school, the Chinese police visiting her parents' home three times in 2023, and as to Hu's beating by inmates while detained. *See id. at* 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (petitioner's omissions supported adverse credibility determination where they did not constitute "a mere lack of detail" but "went to the core of his alleged fear"). Petitioners' explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence also supports the agency's finding that petitioners did not present documentary evidence that would otherwise establish their eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to independently support claim).

In the absence of credible testimony in this case, petitioners' asylum and Sun's withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Sun's CAT claim because it was based on the same evidence found not credible, and Sun does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha,* 590 F.3d at 1048-49.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**